Filed 11/12/25  In re C.Y. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re C.Y., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.Y.,<br><br>Defendant and Appellant. | C102699<br><br>(Super. Ct. Nos. JD20230143, JD20230168) |

Appointed counsel for minor C.Y. (minor) asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to minor, we affirm the judgment.

BACKGROUND

In June 2023, a juvenile wardship petition was filed in Sacramento County case No. 142124 (the Sacramento County case) pursuant to Welfare and Institutions Code section 602.  The petition alleged that minor evaded an officer and drove against traffic (Veh. Code, § 2800.4), drove recklessly while fleeing a peace officer (Veh. Code,

1

§ 2800.2, subd. (a)), unlawfully drove or took a vehicle (Veh. Code, § 10851, subd. (a)), received a stolen vehicle (Pen. Code, § 496d, subd. (a)), and committed misdemeanor hit and run with property damage (Veh. Code, § 20002, subd. (a)).

Later that month, the juvenile court determined that minor was a child as described in Welfare and Institutions Code section 602. The court released him to a parent's custody and ordered electronic monitoring.

A few days later, a probation officer filed a motion to modify custody status, asserting that minor had violated the conditions of his electronic monitoring by leaving his residence without permission and cutting off his ankle bracelet.

In August 2023, a juvenile wardship petition was filed in San Joaquin County case No. JJC-JV-DE-2023-0001103 (the San Joaquin County case) pursuant to Welfare and Institutions Code section 602. The petition alleged that minor committed assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and misdemeanor giving false information to an officer (Pen. Code, § 148.9, subd. (a)). A second count alleging assault with a deadly weapon was later added.

In September 2023, in the San Joaquin County case, minor admitted one count of assault with a deadly weapon by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) The juvenile court determined that minor was a child as described in Welfare and Institutions Code section 602. The court subsequently transferred the case to Yolo County, where minor resided. The Yolo County Superior Court docketed the matter as case number JD20230143.

Later that month, in the Sacramento County case, the juvenile court determined that minor was a child as described in Welfare and Institutions Code section 602. The court found that minor had violated a court order and that detention was necessary for the protection of minor and the protection of other persons or property. The court found that minor's continued residence in a parent's home was contrary to his welfare and that

2

reasonable efforts were made to prevent removal.  The court ordered minor placed in juvenile hall.

In October 2023, in the Sacramento County case, minor admitted to evading an officer and driving against traffic (Veh. Code, § 2800.4), and the juvenile court sustained the petition.  The court released minor to his mother's custody and transferred the case to Yolo County.  The case was docketed in Yolo County Superior Court as case No. JD20230168.

In January 2024, in case Nos. JD20230143 and JD20230168, the Yolo County juvenile court adjudged minor to be a ward of the court (Welf. & Inst. Code, § 725, subd. (b)), released him to his parents' custody, and placed him on probation.

In February 2024, a probation officer filed a notice of hearing, alleging that minor violated his probation in case Nos. JD20230143 and JD20230168 because he left home without permission and his parents did not know his whereabouts.

In July 2024, minor admitted to violating probation in case Nos. JD20230143 and JD20230168.  In August 2024, the juvenile court continued minor as a ward of the court, allowed him to remain in his parents' custody, and ordered probation.

In September 2024, minor was taken into protective custody by Yolo County Child Welfare Services.  (Welf. & Inst. Code, § 300, subd. (b)(1).)  That dependency case was subsequently dismissed.

On October 3, 2024, the juvenile court continued minor as a ward of the court and found that his parents could not or had failed to provide proper maintenance, training, or education.  The court ordered minor placed in a suitable foster home, group home, or institution.  The court also ordered probation.  The probation conditions required that minor obey all laws, remain at his legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless accompanied by a guardian, submit to search by an officer, not possess or use alcohol or drugs unless prescribed by a physician, and submit to drug and alcohol testing when requested by an officer.  He was placed in an intensive-services foster home.

3

On October 21, 2024, the prosecution filed an amended notice of hearing, alleging that minor violated his probation. The notice alleged that minor committed animal cruelty (Pen. Code, § 597, subd. (a)) and misdemeanor vandalism (Pen. Code, § 594). It further alleged that minor failed to submit to a search by an officer and was discharged from his foster home after becoming "increasingly aggressive, causing the family to fear for their safety."

The juvenile court held a contested detention hearing on October 24, 2024. The court found a prima facie case that minor had violated probation. The court determined that continuing minor in his parents' home was contrary to his welfare and placed him under the care of the probation department.

On November 14, 2024, the juvenile court declined the prosecution's request to impose sanctions on minor for failing to produce certain documentary evidence but ordered reciprocal discovery.

At the November 20, 2024 contested jurisdictional hearing, a probation officer testified that he was informed that minor was disruptive in his foster home on October 16, 2024. A probation officer who removed minor from the foster home the day after the incident saw damage to the walls and a missing window screen in minor's bedroom. That officer also removed minor's dog and took it to an animal services agency.

The animal services officer testified that the dog was quiet and appeared injured, so the officer sent it to a veterinary hospital for further assessment. The dog had skin abrasions, rib fractures, muscle damage, scars, and a poor appetite. In the animal services officer's opinion, the skin abrasions had happened in the last month, while the muscle damage and rib fractures had occurred in the prior two months. The dog was also underweight, lethargic, and "obvious[ly]" in need of veterinary care. At the time of the hearing, the dog was still on medication and under veterinary care. According to minor's girlfriend, when minor got the dog, it was already small and bony with visible scars. The dog refused to eat regular dog food and appeared scared.

4

The juvenile court found insufficient evidence to sustain the allegations that minor committed misdemeanor vandalism, failed to submit to a search by an officer, or violated his probation by being discharged from his foster home. The court found sufficient evidence to establish that minor committed animal cruelty.

At the January 3, 2025 disposition hearing, the juvenile court continued the wardship and probation for minor, who by that time was 18 years old.

In February 2025, the probation department filed a notice of hearing alleging that minor violated his probation. The notice alleged that minor was arrested for misdemeanor attempting to evade an officer (Veh. Code, § 2800.1), misdemeanor driving without a valid license (Veh. Code, § 12500, subd. (a)), misdemeanor possession of marijuana while driving (Veh. Code, § 23222, subd. (b)), and not having evidence of current registration (an infraction) (Veh. Code, § 4000, subd. (a)(1)). In a separate incident, minor was arrested for carrying a concealed dirk or dagger (Pen. Code, § 21310) and misdemeanor exhibiting a deadly weapon (Pen. Code, § 417, subd. (a)(1)). Minor was discharged from his residential placement. The juvenile court subsequently continued the matter pending resolution of the criminal cases. The appellate record does not contain additional information about these proceedings.

Minor filed a notice of appeal, which we construed as from the January 3, 2025 dispositional order.

DISCUSSION

Minor's appointed counsel filed a brief asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Minor was advised by counsel of his right to file a supplemental brief within 30 days from the filing of the opening brief. He has not filed a supplemental brief.

We have undertaken an examination of the record and conclude that there is no arguable error that would result in a disposition more favorable to minor.

5

## DISPOSITION

The judgment is affirmed.

                                                      /s/
                                           FEINBERG, J.

We concur:

    /s/
EARL, P. J.

    /s/
RENNER, J.

6